# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL DAVID NEIL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-21-698-D |
| | ) |
| SCOTT CROW, | ) |
| DIRECTOR OF THE | ) |
| OKLAHOMA DEPARTMENT | ) |
| OF CORRECTIONS, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Petitioner Michael David Neil, a state prisoner appearing pro se, filed a Petition for Writ of Habeas Corpus pursuant to 22 U.S.C. § 2254 challenging a criminal judgment of the District Court of Comanche County, Oklahoma. The Petition [Doc. No. 1] claims that Oklahoma courts lacked jurisdiction because Petitioner is an Indian and the crime occurred in Indian Country. The matter was referred to United States Magistrate Judge Suzanne Mitchell for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C).

On August 18, 2021, Judge Mitchell issued a Report and Recommendation [Doc. No. 6] recommending dismissal for failure to exhaust state court remedies. Petitioner filed a timely Objection [Doc. No. 7]. The Court must therefore make a de novo determination of the portions of the Report to which a specific objection is made, and may accept, reject, or modify the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The Objection largely repeats the arguments made in the Petition but does not specifically challenge the Report's conclusion that Petitioner failed to exhaust his state

court remedies. In any event, having reviewed the Report and the case record *de novo*, the Court fully concurs with Judge Mitchell's findings and recommendation that this action should be dismissed without prejudice for failure to exhaust state court remedies.

After filing his Objection, Petitioner filed a document titled "Motion for F.R.Civ.Proc. 62(c) and F.R.App.Proc. 8(a) (Right to Seek Release on Bail)" [Doc. No. 8]. The motion purports to seek release on bail while the Petition for Writ of Habeas Corpus is pending. The Court finds that the motion is moot because the Petition is no longer pending.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 6] is ADOPTED and the Petition for Writ of Habeas Corpus under 22 U.S.C. § 2254 is DISMISSED without prejudice to a future filing. Petitioner's "Motion for F.R.Civ.Proc. 62(c) and F.R.App.Proc. 8(a) (Right to Seek Release on Bail)" [Doc. No. 8] is dismissed as moot. A separate judgment of dismissal shall be entered.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it

debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA will be denied.

IT IS SO ORDERED this 10th day of September, 2021.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge